*Hoyt H. Whelchel,* for plaintiff.

## 20012. UNITED STATES CASUALTY COMPANY *v.* BURTON-PITT LUMBER COMPANY.

JENKINS, P. J. In a suit by an insurance company against a corporation, for an additional premium alleged to be due on an indemnifying policy under the workmen's compensation law, where the question involved was whether the salary of the vice-president of the defendant lumber company should be included in the pay-roll upon which the computation of the premium earned was made, and where, by the terms of the policy, the premiums were "based upon the entire remuneration earned during the policy period by all employees" of the defendant company except that of the president, the vice-president, the secretary, or the treasurer, unless such designated officer should be actually performing such duties as were ordinarily undertaken by a superintendent, a foreman, or a workman, and where it appeared, from undisputed evidence, that the vice-president of the defendant corporation not only acted in such executive capacity, but also acted as "general manager," which officer was not excepted, and where it appeared that he performed services other than those of an executive, such as cruising timber, checking lumber, seeing that it was properly cut and stacked, giving directions about the logging operations with reference to cutting the timber close enough and of proper sizes, performing all of such services personally, and not by and through any other person acting as superintendent or foreman, and, to use his own language, where it appeared that he "checked the mills and rode the woods—looked after the whole thing," the evidence demanded a finding that the vice-president not only performed the functions of such an executive, but, as general manager of the company, was also engaged in the performance of duties such as are ordinarily undertaken by a superintendent or foreman, with the result that the

plaintiff would have been liable for compensation on account of any injury of such vice-president, under the terms of the policy, and consequently would be entitled to have his remuneration included in calculating the earned premium due thereon. Accordingly, the verdict found in favor of the defendant was contrary to the evidence, and the plaintiff's motion for a new trial should have been granted.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 21, 1930.

*W. M. Howard, Homer Legg, C. E. Sutton,* for plaintiff.
*J. B. & T. R. Burnside, Hoke McWhorter,* for defendant.